UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

AUG 0 7 2008

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

MARK JOSEPH DONAHUE, SR., and
KAREN LEE DONAHUE,

    Debtors.
_____/

Case No. 6:07-bk-02502-ABB
Chapter 7

MARK JOSEPH DONAHUE, SR. and
KAREN LEE DONAHUE,

    Plaintiffs,

vs.

STATE OF MAINE,

    Defendant.
_____/

Adv. Pro. No. 6:07-ap-00162-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Second Amended Complaint Under Section 523(a)(1) (Doc. No. 22) filed by Mark Joseph Donahue, Sr. and Karen Lee Donahue, f/k/a Karen DeWitt, the Plaintiffs and Debtors herein (collectively, "Debtors") and the Motion for Summary Judgment (Doc. No. 28) filed by Maine Revenue Services, State of Maine, the Defendant herein ("Defendant"), seeking summary judgment on the Complaint. An evidentiary hearing was held on July 14, 2008 at which the Debtors, their counsel, and counsel for the Defendant appeared. The Debtors were directed to file a response to the Defendant's supporting Affidavit (Doc. No. 28) within fourteen days. They failed to file a response. The Court makes the following Findings of Fact and

Conclusions of Law after reviewing the pleadings and evidence, hearing argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

The facts are uncontroverted. The Plaintiffs filed this joint bankruptcy case on June 15, 2007 ("Petition Date"). Mark Donahue was a debtor in a previous Chapter 7 bankruptcy case filed on February 6, 1989 in the United States Bankruptcy Court for the District of Maine, Case No. 89-20042-faj, in which he obtained a discharge on July 12, 1989 and the case was closed on August 21, 1989. The Debtors were issued a discharge in their pending case on October 3, 2007 (Doc. No. 29).

State of Maine income taxes for the years 1994 through 2002 are at issue.[1] The Debtors lived and worked in Maine and earned income. They were married in 1997.[2] They were required to file Maine income tax returns for the tax years 1994 through 2002. They moved from Maine to Florida in 2002.

The Plaintiffs admit in their Complaint they owe a debt of $87,000.00 to the Defendant for prepetition state income taxes, but contend the tax debt is dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code. They fail to specify upon which subsection of 523(a)(1) their Complaint is based. They assert the taxes were "assessed before the commencement of the case and last payable without penalty more than one year before this case was commenced." Such assertion bears no relation to the provisions of Section 523(a)(1).

---

[1] The facts regarding each tax year at issue are established by the Affidavit of Philip O. Young, Tax Section Manager within the Defendant's Special Enforcement Unit of the Compliance Division (Doc. No. 28).

[2] The Debtors stated they were married in 1997.

2

The Debtors instituted a similar adversary proceeding against the Internal Revenue Service seeking a dischargeability determination as to their debts owed to the IRS for multiple tax years.

The Debtors, either individually or jointly, were required to file State of Maine income tax returns for tax years 1994 through 2002 and to pay taxes. Mr. Donahue did not file State of Maine income tax returns, individually or jointly, for tax years 1994, 1997, 1998, 1999, 2000, and 2001. He, individually, filed late returns, deemed unacceptable returns by the Defendant, for tax years 1995 and 1996 on *September 14, 2005*—almost a decade after the returns were due.

Mrs. Donahue did not file state income tax returns for 1996, 1998, 1999, 2000, or 2001. She filed an individual return for tax year 1997 apparently in an attempt to obtain a refund. The Debtors late-filed a joint return for tax year 2002 on August 29, 2005.

The Debtors were aware of their obligations to file such state tax returns and pay taxes pursuant to the delinquency notices and demands for payment issued by the Defendant in accordance with Maine statutory law governing tax matters and as established by the Debtors' conduct: (i) Mr. Donahue filed Maine state income tax returns from 1986 through 1992. (ii) Mrs. Donahue filed an individual state return in 1997 when she was expecting a refund.[3] (iii) They filed various joint federal income tax returns during the period 1999 through 2001.

The Debtors sought no extensions of their return filing deadlines. They offered no explanation for their failures to file or timely file state income tax returns.

---

[3] The refund was offset by the Department of Health and Human Resources.

### *Tax Year 1994*

Mr. Donahue was required to file a State of Maine income tax return for tax year 1994, but failed to file a return for that tax year. The Defendant sent him delinquency notices and demands for payment. Mr. Donahue did not respond or file a return. The Defendant issued an estimated assessment of $2,522.21 for tax, interest, and penalties based upon Mr. Donahue's 1994 income information obtained from the IRS.

Mr. Donahue did not challenge the assessment and it became a final assessment on May 20, 2004. Mr. Donahue owed the Defendant on the Petition Date $2,187.51 for tax year 1994, which includes penalties of $2,027.00. The amount of $160.51 is nondischargeable pursuant to his failure to file a return for tax year 1994.

### *Tax Year 1995*

Mr. Donahue was required to file a State of Maine income tax return for tax year 1995, but failed to file a return for that tax year. The Defendant sent him delinquency notices and demands for payment. Mr. Donahue did not respond or file a return. The Defendant issued an estimated assessment of $3,687.95 for tax, interest, and penalties based upon Mr. Donahue's 1995 income information obtained from the Internal Revenue Service. Mr. Donahue did not challenge the assessment and it became a final assessment on May 20, 2004.

Mr. Donahue untimely filed a return for 1995 on September 14, 2005 asserting he owed nothing for tax year 1995. The Defendant rejected the return on the basis it failed to include all of Mr. Donahue's 1995 income. He failed to include income of $23,223.00 from Morong Brothers and $756.00 from National Automobile Dealers. The Defendant issued a credit of $5.69 to Mr. Donahue for withholding reported by Advance Auto Sales.

Mr. Donahue owed the Defendant on the Petition Date $3,490.93 for tax year 1995, which includes penalties of $1,603.53. The amount of $1,887.40 is nondischargeable pursuant to his failure to file the return when due and the filing of the late return within two years of the Petition Date.

### *Tax Year 1996: Mr. Donahue*

Mr. Donahue was required to file a State of Maine income tax return for tax year 1996, but failed to file a return for that tax year. The Defendant sent him delinquency notices and demands for payment. Mr. Donahue did not respond or file a return. The Defendant issued an estimated assessment of $5,337.32 for tax, interest, and penalties based upon Mr. Donahue's 1996 income information obtained from the Internal Revenue Service. Mr. Donahue did not challenge the assessment and it became a final assessment on April 21, 2003.

Mr. Donahue untimely filed a return for 1996 on September 14, 2005 asserting he owed $1,978.00 for tax year 1996. The Defendant rejected the return on the basis it failed to include all of Mr. Donahue's 1996 income. He failed to include income of $1,000.00 from Chrysler Corporation. The Defendant adjusted the 1996 assessment from married separate filing status to single and issued Mr. Donahue a credit of $239.00 for withholding reported by Advance Auto Sales.

Mr. Donahue owed the Defendant on the Petition Date $5,594.70 for tax year 1996, which includes penalties of $2,444.77. The amount of $3,149.93 is nondischargeable pursuant to his failure to file the return when due and the filing of the late return within two years of the Petition Date.

### *Tax Year 1996: Mrs. Donahue*

Mrs. Donahue was required to file a State of Maine income tax return for tax year 1996, but failed to file a return for that tax year. The Defendant sent her delinquency notices and demands for payment. She did not respond or file a return. The Defendant issued an estimated assessment of $130.38 for tax, interest, and penalties based upon her 1996 income information obtained from the IRS.

Mrs. Donahue did not challenge the assessment and it became a final assessment on May 29, 2003. She owed the Defendant on the Petition Date $175.51 for tax year 1996, which includes penalties of $60.00. The amount of $115.51 is nondischargeable pursuant to her failure to file a return for tax year 1996.

### *Tax Year 1997*

Mr. Donahue was required to file a State of Maine income tax return for tax year 1997, but failed to file a return for that tax year. The Defendant sent him delinquency notices and demands for payment. He did not respond or file a return. The Defendant issued an estimated assessment of $6,073.17 for tax, interest, and penalties based upon Mr. Donahue's 1997 income information obtained from the IRS.

Mr. Donahue did not challenge the assessment and it became a final assessment on April 21, 2003. Mr. Donahue owed the Defendant on the Petition Date $8,173.12 for tax year 1997, which includes penalties of $3,047.56. The amount of $5,125.56 is nondischargeable pursuant to his failure to file a return for tax year 1997.

### *Tax Year 1998: Mr. Donahue*

Mr. Donahue was required to file a State of Maine income tax return for tax year 1998, but failed to file a return for that tax year. The Defendant sent him delinquency

notices and demands for payment. He did not respond or file a return. The Defendant issued an estimated assessment of $4,995.71 for tax, interest, and penalties based upon Mr. Donahue's 1998 income information obtained from the IRS.

Mr. Donahue did not challenge the assessment and it became a final assessment on April 21, 2003. Mr. Donahue owed the Defendant on the Petition Date $6,716.76 for tax year 1998, which includes penalties of $2,676.62. The amount of $4,040.14 is nondischargeable pursuant to his failure to file a return for tax year 1998.

### *Tax Year 1998: Mrs. Donahue*

Mrs. Donahue was required to file a State of Maine income tax return for tax year 1998, but failed to file a return for that tax year. The Defendant sent her delinquency notices and demands for payment. She did not respond or file a return. The Defendant issued an estimated assessment of $355.17 for tax, interest, and penalties based upon her 1998 income information obtained from the IRS.

Mrs. Donahue did not challenge the assessment and it became a final assessment on May 29, 2003. She owed the Defendant on the Petition Date $492.00 for tax year 1998, which includes penalties of $199.75. The amount of $292.25 is nondischargeable pursuant to her failure to file a return for tax year 1998.

### *Tax Year 1999*

The Debtors were required to file a State of Maine income tax return for tax year 1999, but failed to file a return for that tax year. The Defendant sent them delinquency notices and demands for payment. They did not respond or file a return. The Defendant issued an estimated assessment of $9,430.22 for tax, interest, and penalties based upon their 1999 income information obtained from the IRS.

The Debtors did not challenge the assessment and it became a final assessment on May 29, 2003. They owed the Defendant on the Petition Date $12,301.80 for tax year 1999, which includes penalties of $5,554.50. The amount of $6,747.30 is nondischargeable pursuant to their failure to file a return for tax year 1999.

### *Tax Year 2000*

The Debtors were required to file a State of Maine income tax return for tax year 2000, but failed to file a return for that tax year. The Defendant sent them delinquency notices and demands for payment. They did not respond or file a return. The Defendant issued an estimated assessment of $14,060.36 for tax, interest, and penalties based upon their 2000 income information obtained from the IRS.

The Debtors did not challenge the assessment and it became a final assessment on May 29, 2003. They owed the Defendant on the Petition Date $10,006.98 for tax year 2000, which includes penalties of $4,832.51. The amount of $5,174.47 is nondischargeable pursuant to their failure to file a return for tax year 2000.

### *Tax Year 2001*

The Debtors were required to file a State of Maine income tax return for tax year 2001, but failed to file a return for that tax year. The Defendant sent them delinquency notices and demands for payment. They did not respond or file a return. The Defendant issued an estimated assessment of $7,706.22 for tax, interest, and penalties based upon their 2001 income information obtained from the IRS.

The Debtors did not challenge the assessment and it became a final assessment on May 29, 2003. They owed the Defendant on the Petition Date $9,712.30 for tax year

2001, which includes penalties of $4,905.96. The amount of $4,806.34 is nondischargeable pursuant to their failure to file a return for tax year 2001.

### *Tax Year 2002*

The Debtors were required to file a State of Maine income tax return for tax year 2002. They untimely filed a joint return for tax year 2002 on August 29, 2005 asserting their 2002 tax liability was $4,418.00. The Defendant determined the correct tax liability was $4,019.00 and adjusted its records downward. All known withholdings ($4,019.00) were applied by the Defendant to the Debtors' tax liability.

The Debtors did not pay the 2002 liability and the Defendant imposed penalties. They owed the Defendant on the Petition Date $4,050.53 for tax year 2002, which includes penalties of $1,247.83. The amount of $4,050.53 is nondischargeable pursuant to their failure to file the return when due and the filing of the late within two years of the Petition Date. The penalties of $1,247.83, contained within the $4,050.53 total, are nondischargeable due to the filing of the return and imposition of penalties within three years of the Petition Date.

### *Conclusion*

A total debt of $62,902.14 consisting of unpaid taxes, interest, and penalties for tax years 1994 through 2002 was owed to the Defendant on the Petition Date.[4] There are no material facts in dispute and the Defendant has established it is entitled to judgment as a matter of law. The penalty portion of $27,352.20 of the total debt is dischargeable. The amount of $35,549.94 is nondischargeable: (i) the amount of $14,363.54 is

---

[4] The Defendant's Motion for Summary Judgment contains a minor mathematical error. The total debt for tax years 1994 through 2002 pursuant to the Defendant's Affidavit is $62,902.14, not $62,901.63 as pled in the Motion. Thus, the total debt of $62,902.14 less dischargeable penalties of $27,352.20 equals total nondischargeable debt of $34,549.94 (and not $35,549.43 as pled by the Defendant).

nondischargeable as to Mr. Donahue; (ii) the amount of $407.76 is nondischargeable as to Mrs. Donahue; and (iii) the amount of $20,778.64 is nondischargeable as to the Debtors, jointly and severally. The Defendant's Motion for Summary Judgment is due to be granted.

## CONCLUSIONS OF LAW

### *11 U.S.C. Section 523(a)*

Section 523(a)(1) of the Bankruptcy Code contains three subsections, Subsections (A), (B), and (C), which render a debt "for a tax or a customs duty" nondischargeable. The Debtors fail to delineate upon which subsection of 523(a)(1) they base their Complaint. The Defendant's Motion for Summary Judgment centers on Subsection (B), which provides a discharge pursuant to Section 727 "does not discharge an individual debtor from any debt—"

> (B) with respect to which a return, or equivalent report or notice, if required—
>
> > (i) was not filed or given; or
> > (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition.

11 U.S.C. § 523(a)(1)(B) (2007).

Subsection (C) renders a tax debt nondischargeable where a debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax. The Defendant did not allege the Debtors engaged in fraud or willful evasion.

Section 523(a)(7) addresses the dischargeability of fines, penalties, or forfeitures payable to and for the benefit of governmental units. Tax penalties generally are not dischargeable unless they fall within one of the two exceptions. The second exception,

Section 523(a)(7)(B), provides a tax penalty imposed with respect to a transaction or event that occurred more than three years before the petition date is dischargeable.

### *Tax Years 1994 through 2002*

The Debtors, either individually or jointly, were required to file State of Maine income tax returns for tax years 1994 through 2002 and pay taxes for those years. They knew they were required to file such returns and pay taxes. They ignored the notices and demands issued by the Defendant pursuant to the Maine Revised Statutes Annotated governing tax matters.

Mr. Donahue failed to file returns for tax years 1994, 1997, and 1998. Mrs. Donahue failed to file returns for tax years 1996 and 1998. They failed to file joint or individual returns for tax years 1999, 2000, and 2001. The Defendant assessed for these tax years a total debt of $62,902.14 consisting of taxes, interest, and penalties.

The taxes and interest totaling $26,462.08 assessed by the Defendant for tax years 1994, 1996, 1997, 1998, 1999, 2000, and 2001 is nondischargeable pursuant to 11 U.S.C. Section 523(a)(1)(B)(i) due to the Debtors' failures to file returns. The penalties imposed by the Defendant for such years totaling $23,303.90 are dischargeable pursuant to 11 U.S.C. Section 523(a)(7)(B).

Mr. Donahue untimely filed returns for tax years 1995 and 1996 on September 14, 2005, which were rejected as unacceptable by the Defendant. The taxes and interest totaling $5,037.33 assessed by the Defendant for tax years 1995 and 1996 is nondischargeable pursuant to 11 U.S.C. Section 523(a)(1)(B)(ii). Mr. Donahue untimely filed the returns and filed them within two years of the Petition Date. A tax debt relating to an untimely return filed after June 15, 2005 (two years prior to the Petition Date) is not

dischargeable. 11 U.S.C. § 523(a)(1)(B)(ii). The penalties of $4,048.30 imposed for tax years 1995 and 1996 are dischargeable pursuant to 11 U.S.C. Section 523(a)(7).

The Debtors untimely filed a return for tax year 2002 on August 29, 2005. The taxes and interest totaling $2,802.70 assessed by the Defendant is nondischargeable pursuant to 11 U.S.C. Section 523(a)(1)(B)(ii); the Debtors untimely filed the return and filed it within two years of the Petition Date. The untimely return was filed and the Defendant imposed penalties of $1,247.83 within three years of the Petition Date. The penalties for tax year 2002 are nondischargeable pursuant to 11 U.S.C. Section 523(a)(7)(B).

### *Federal Rule of Civil Procedure 56*

The Defendant seeks summary judgment on the Complaint pursuant to Federal Rule of Civil Procedure 56, which is applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

After a movant makes a properly supported summary judgment motion, the non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come

forward with an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, (1986).

There are no material facts in dispute and the Defendant has established it is entitled to judgment as a matter of law. The Defendant was owed on the Petition Date a total debt of $62,902.14 consisting of unpaid taxes, interest, and penalties for tax years 1994 through 2002. The penalty portion of $27,352.20 relating to tax years 1994 through 2001 is dischargeable pursuant to 11 U.S.C. Section 523(a)(7). The amount of $35,549.94 is nondischargeable pursuant to 11 U.S.C. Sections 523(a)(1)(B)(i) and (a)(1)(B)(ii): (i) the amount of $14,363.54 is nondischargeable as to Mr. Donahue; (ii) the amount of $407.76 is nondischargeable as to Mrs. Donahue; and (iii) the amount of $20,778.64 is nondischargeable as to the Debtors, jointly and severally. The Defendant is entitled to summary judgment.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Defendant's Motion for Summary Judgment is hereby **GRANTED**.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 7th day of August, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge